IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| V. | § | No. 3:04-cr-205-O (10) |
| | § | |
| WILLIAM GALLO, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Defendant William Gallo ("Gallo"), a prisoner in the custody of the Federal Bureau of Prisons ("BOP") pursuant to a conviction in this Court, who is currently incarcerated at BOP Beaumont FCI – Low, in Beaumont, Texas, has filed a motion in his criminal case titled Petition for Second Chanse [sic] Consideration [Dkt. No. 865]. United States District Judge Reed O'Connor has referred the motion to the undersigned United States magistrate judge. *See* Dkt. No. 866. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should construe Gallo's motion as a 28 U.S.C. § 2241 application for a writ of habeas corpus, open a new civil action, and transfer that civil action to the Beaumont Division of the Eastern District of Texas, the district and division in which Gallo is incarcerated.

## Legal Standards and Analysis

Gallo, through his motion, appears to be challenging his BOP release plan and halfway house placement.

"Section 2241 is the proper procedural vehicle if a prisoner 'challenges the

execution of his sentence rather than the validity of his conviction and sentence.'"
*Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)). A prisoner's challenge "to his ineligibility for placement in a halfway house or other less restrictive confinement designed to prepare a prisoner for reentry into society affect[s] the execution of his sentence" and, thus, "may be raised under § 2241." *Cervante v. United States*, 402 F. App'x 886, 887 (5th Cir. 2010) (per curiam) (citing *Rublee v. Fleming*, 160 F.3d 213, 214-17 (5th Cir. 1998); *Cleto*, 956 F.2d at 84) (vacating district court's dismissal, for lack of subject matter jurisdiciton, of a habeas petition raising such a claim); *see also Ragsdale v. Caraway*, No. Civ.05-1596(MJD/JJG), 2006 WL 44017, at *3-*4 (D. Minn. Jan. 6, 2006) ("Common practice indicates that the issue of placement in a halfway house is frequently heard under § 2241." (collected cases omitted)).

Thus, the Court should liberally construe Gallo's motion as a Section 2241 application for a writ of habeas corpus and, accordingly, open a new civil action. But, as Gallo is not incarcerated in this District, the Court should transfer the new civil action because a claim like Gallo's "must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). This is because "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.' 28 U.S.C. § 2241(a)" – language that the Supreme Court has "interpreted ... to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973)).

-2-

The Court may transfer a case "filed" in the wrong district or division "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court may raise the issue of venue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989). Gallo is incarcerated at a BOP facility in Beaumont, Texas, which is in Jefferson County, within the Beaumont Division of the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(2). Accordingly, the new civil action should be transferred to the Beaumont Division of the Eastern District of Texas for further proceedings.

## Recommendation

The Petition for Second Chanse [sic] Consideration [Dkt. No. 865] should be construed as a 28 U.S.C. § 2241 application for a writ of habeas corpus. On that basis, the Court should direct that the Clerk open a new civil action (NOS: 530) and transfer that action to the Beaumont Division of the Eastern District of Texas, the district and division in which Gallo is incarcerated.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

-3-

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: November 6, 2015

    DAVID L. HORAN
    UNITED STATES MAGISTRATE JUDGE