IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | No. 3:04-cr-205-O (10) |
| | § | |
| WILLIAM GALLO, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendant William Gallo, a prisoner in the custody of the Federal Bureau of Prisons (the "BOP") pursuant to a conviction in this Court, who is currently incarcerated at BOP Beaumont FCI – Low, in Beaumont, Texas, has filed a Motion to Compel B.O.P. to Find Placement or Suitable Shelter Upon Release. *See* Dkt. No. 873. United States District Judge Reed O'Connor has referred this motion to the undersigned United States magistrate judge. *See* Dkt. No. 874.

Gallo pleaded guilty to one count of conspiracy to distribute cocaine, marijuana, and methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(ii)(II), (b)(1)(B)(vii), and (b)(1)(A)(viii), and, on January 6, 2006, he was sentenced to 168 months of imprisonment. *See* Dkt. No. 680. He now requests that the Court intervene as to his placement upon release to compel the BOP to reconsider its decision denying his request to be placed at a Residential Re-Entry Center ("RRC"). *See* Dkt. No. 873.

**Legal Standards and Analysis**

The decision whether, and for how long, to place an inmate in a RRC/halfway

house is committed to the BOP under statutory authority:

> The BOP's discretion to place an inmate in an RRC is governed by 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c)(1). Section 3621(b) grants the BOP the authority to designate the place where the inmate will be imprisoned. This section states, in pertinent part:
>> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering –
>>> (1) the resources of the facility contemplated;
>>> (2) the nature and circumstances of the offense;
>>> (3) the history and characteristics of the prisoner;
>>> (4) any statement by the court that imposed the sentence –
>>>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>>> (B) recommending a type of penal or correctional facility as appropriate; and
>>>
>>> (5) any pertinent policy statement issued by the Sentencing Commission....
>>
>> Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.
>
> 18 U.S.C. § 3621(b) (2013).
>
> The latter statute, 18 U.S.C. § 3624(c)(1), governs the amount of time that a prisoner may be assigned to an RRC before final release. The Second Chance Act of 2007, Pub. L. 110-199, 122 Stat. 692 (April 9, 2008) amended the provisions of § 3624(c)(1) and extended the maximum time from six to twelve months.
>
> In addition, the Second Chance Act required the BOP to formulate regulations which would ensure that placement in an RRC is: (1) conducted in a manner consistent with section 3621(b); (2) determined on an individual basis; and (3) of sufficient duration to provide the greatest likelihood of successful integration into the community. 18 U.S.C. §

>   3624(c)(6).
>
>   Thus, we note that it is clear from the language referenced above that 18 U.S.C. § 3624(c) does not automatically entitle an inmate to placement in an RRC. *Elmore v. Cruz*, 2011 WL 1602592 (N.D. Tex. 2011). Notwithstanding Meade's claims to the contrary, the statute simply directs the BOP to consider placing an inmate in an RRC for up to a 12-month period.

*Meade v. Maiorana*, No. 2:14-CV-656, 2015 WL 1731274, at *2-*3 (W.D. La. Apr. 14, 2015) (footnote omitted).

The undersigned has located no authority requiring the BOP "to solicit the post-sentencing view of the sentencing judge whether transfer to a Residential Re-Entry Center is appropriate," *United States v. Arnett*, No. CR-F-95-5287-OWW, 2009 WL 102704, at *2 (E.D. Cal. Jan. 14, 2009) – or, correspondingly, requiring the Court to compel the BOP to reconsider its decision to not place a defendant in a RRC/halfway house. And Gallo does not assert that there are any such requirements.

Regardless, "Section 2241 is the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)). And a prisoner's challenge "to his ineligibility for placement in a halfway house or other less restrictive confinement designed to prepare a prisoner for reentry into society affect[s] the execution of his sentence" and therefore "may be raised under § 2241." *Cervante v. United States*, 402 F. App'x 886, 887 (5th Cir. 2010) (per curiam) (citing *Rublee v. Fleming*, 160 F.3d 213, 214-17 (5th Cir. 1998); *Cleto*, 956 F.2d at 84, and vacating

district court's dismissal, for lack of subject matter jurisdiciton, of a habeas petition raising such a claim); *see also Ragsdale v. Caraway*, No. Civ.05-1596(MJD/JJG), 2006 WL 44017, at *3-*4 (D. Minn. Jan. 6, 2006) ("Common practice indicates that the issue of placement in a halfway house is frequently heard under § 2241." (collected cases omitted)); *Mangiardi v. Fed. Bureau of Prisons*, No. 4:09-cv-1602, 2009 WL 4544747, at *3 (M.D. Pa. Nov. 30, 2009) ("[C]hallenges to decisions to exclude an inmate from release to a Residential Reentry Center ('RRC') ... are appropriately raised under § 2241." (citing *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243-44 (3d Cir. 2005))).

The Court should accordingly construe Gallo's current motion as a Section 2241 application for a writ of habeas corpus and open a new civil action. But, as Gallo is not incarcerated in this District, the Court should transfer the new civil action to the district in which Gallo is incarcerated because claims such as those he now raises under Section 2241 "must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). This is because "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.' 28 U.S.C. § 2241(a)" – language that the United States Supreme Court has "interpreted ... to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973)).

The Court may transfer a case "filed" in the wrong district or division "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district

court may raise the issue of venue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989). Gallo is incarcerated at a BOP facility in Beaumont, Texas, which is in Jefferson County, within the Beaumont Division of the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(2). Accordingly, the new civil action should be transferred to the Beaumont Division of the Eastern District of Texas for further proceedings.

### Recommendation

The Motion to Compel B.O.P. to Find Placement or Suitable Shelter Upon Release [Dkt. No. 873] should be construed as a 28 U.S.C. § 2241 application for a writ of habeas corpus. On that basis, the Court should direct that the Clerk open a new civil action (NOS: 530) and transfer that action to the Beaumont Division of the Eastern District of Texas, the district and division in which Gallo is incarcerated.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 8, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE